On August 8, 1981, New Haven police arrested the defendant and charged him with breach of the peace; General Statutes 53a-181; with unlawful discharge of firearms; General Statutes53-203; and with reckless endangerment in the first degree. General Statutes 53a-63. Impounded at the time of arrest were one Remington model 700, 30-06 caliber rifle, one perma center scope and twelve Remington high velocity 30-06 shells. The defendant pleaded not guilty. What happened thereafter caused the defendant to claim an unlawful suppression of exculpatory evidence in violation of his constitutional right to due process. We do not agree and find no error.
On November 9, 1981, the court granted portions of the defendant's motion for discovery and inspection in which the accused sought "[t]he names and addresses of all witnesses whom the State intends to call at the trial," and all "[m]emoranda or other internal documents made by a prosecuting authority or by law enforcement officers in connection with the investigation or prosecution of the case." Further, the accused sought any and all exculpatory material. *Page 361 
On December 15, 1981, the state filed a response to the motion for discovery and inspection. As to the request for the names and addresses of witnesses, the state's response was "time of trial."[1] As to the request for memoranda or other internal documents, the response was: "Denied except for police report attached."
Subsequently, the parties negotiated an alternative disposition of the case whereby the defendant agreed to plead guilty on a substituted information to a single charge of breach of the peace in violation of 53a-181. On February 3, 1982, the defendant did plead guilty as agreed and the matter was disposed of.
On February 22, 1982, the court heard arguments on the defendant's motion for the return of the rifle seized at the time of his arrest. During a colloquy before the bench, the prosecutor stated: "There is simply a report that the police got a report of noise of a shotgun being discharged there. There is nothing in [the police case-incident report] actually saying that somebody saw David Connolly discharging a firearm on Valley Street."
On March 2, 1982, the defendant moved to vacate the earlier judgment and to dismiss all charges for the reason that there was "no probable cause or evidence to prove a prima facie case of the charges." The court denied the motion and the defendant appealed to this court claiming error in the denial of his motion.
The gravamen of the defendant's claim is that the prosecutor was under a duty to disclose fully all exculpatory facts. He claims that use of the phrase "time of trial" in response to the request for witnesses, *Page 362 
raises the inference that eyewitnesses existed. He argues that the failure to disclose the absence of eyewitnesses to the alleged offense violates the due process precepts articulated in the United States constitution. He cites Brady v. Maryland,373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215
(1963), in support of this proposition. While we are bound by the holding of Brady, we find its principles inapplicable to the present case.
"We have had occasion to note that `[t]he heart of the holding in the Brady case is the prosecution's suppression of evidence in the face of a defense production request where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are (a) suppression, (b) evidence favorable to the defense and (c) materiality. These are the standards by which the prosecution's conduct is to be measured.' State v. Moynahan, 164 Conn. 560,593, 325 A.2d 199, cert. denied, 414 U.S. 976,94 S.Ct. 291, 38 L.Ed.2d 219 (1973)." State v. Bember, 183 Conn. 394, 404, 439 A.2d 387 (1981).
In exposing those standards to the facts in the present case, the defendant's argument founders at once on the claim of suppression. The state suppressed nothing. The motion for disclosure asked for the names of witnesses. A statement that the names of witnesses will be supplied at the time of trial does not raise the inference that an eyewitness exists. A witness clearly may be competent to testify on relevant matters in a criminal proceeding without the necessity of having physically observed the crime. Further, the state supplied the defendant with a complete copy of the case-incident report. Two witnesses are listed: the investigating police officer and the defendant. The officer states that he went to the intersection of Valley Street and Stone Street in response to a report of gun shots. Upon arriving he observed the "arrestee" carrying a *Page 363 
rifle. It is clear from the officer's statement and the totality of the report that eyewitnesses, if any, were unknown.
We therefore conclude that the state fully and adequately disclosed to the defendant the available evidence against him and therefore the factual underpinnings of the Brady ruling are not present here.
 there is no error.
In this opinion DALY and SPADA, Js., concurred.